FRANK J. HEID, as Administrator, etc., of JOSEPH L. HEID, Deceased, Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— Order affirmed, with costs. Memorandum: The record amply supports the trial court's exercise of discretion in setting aside the verdict as against the weight of the evidence. There is abundance of evidence to show that defendant paid the amount of the policies to a person equitably entitled to the same. All concur. (The order sets aside a verdict of a jury in favor of plaintiff and grants a new trial, in an action under life insurance policies.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

In the Matter of the Petition to Set Aside the Election of JOSEPH FRITSCH, JR., as a Director of the SAM GOTTRY CARTING COMPANY, Held on the 18th day of November, 1936. MAY M. GOTTRY, Appellant; JOSEPH FRITSCH, JR., and Another, Respondents.— Order affirmed, with costs. Memorandum: In a proceeding by the appellant under section 25 of the General Corporation Law, to set aside the election of the individual respondent as a director of the respondent corporation, the Special Term had " * * * discretionary power to confirm [the] election, or to order a new one ' as justice may require.' " (*Matter of Kaminsky*, 251 App. Div. 132, 139.) From our review of the record we agree with the Special Term that the weight of evidence favors the conclusion that papers essential to the transfer of eighty shares of stock from the estate of John A. Casey, deceased, to the executors of Margaret Casey McHale, were presented by the individual respondent for transfer and that such transfer was made prior to the stockholders' meeting of November 18, 1936. We also conclude that the corporation by-law adopted in 1896, now invoked by the appellant, requiring the transfer books of the corporation to be closed thirty days before the regular annual election of directors, does not afford either a legal or equitable basis for this proceeding instituted April 13, 1938, to set aside the election of a director who was unanimously elected at a stockholders' meeting held November 18, 1936. All concur. (The order denies an application to vacate the election of a corporate director.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.